*May Term,*
*1833.*

STUTSMAN
*v.*
STUTSMAN.

---

## STUTSMAN *v.* STUTSMAN.

*A.* gave his promissory note to *B.* for an antecedent debt, and afterwards confessed a judgment, without any qualification, in favour of the payee for the amount of the note, and the interest then due on it. *Held*, that *B.* could not be relieved in chancery, from the interest charged on the note and included in the judgment, on the ground that, by a parol contract when the note was given, no interest was to be charged.

May Term,
1833.

STUTSMAN
v.
STUTSMAN.

Thursday,
May 30.

ERROR to the *Clark* Circuit Court.

STEVENS, J.—About twenty-two or twenty-three years ago, one *Jacob Stutsman* departed this life, leaving several children, and also leaving a considerable estate, both real and personal. Previous to his death, he made his will, leaving his estate to his children by way of legacies, to be paid to them in money; and appointed the plaintiff in error, *Daniel Stutsman*, one of his children, the executor of his will; who, after the death of the testator, took upon himself the execution thereof. At the time of the death of the testator, several of his children, that is to say, the defendant in error *David Stutsman*, *Jacob Stutsman*, jun., *Samuel Stutsman*, and perhaps some others of the children, were severally indebted to the testator more than the amount of their legacies; which debts were evidenced by the promissory notes of the debtors, and these notes had been due for some years before the death of the testator: others of the children owed nothing.

About six or eight years after the testator's death, the executor and legatees met together to settle, and it was agreed among them, that no interest should be calculated on those debts due from the children, but that the settlement should be made for the amount expressed on the face of the notes, without adding any interest thereto; and that the executor should pay no interest to the legatees on the legacies due to them; and upon that basis a final settlement took place. Upon that settlement so made upon the basis aforesaid, the defendant in error, *David Stutsman*, fell in arrears in the sum of 322 dollars and 4 cents, over and above his legacy, for which he gave his promissory note to the executor. Afterwards, on the 25th day of *August*, 1820, the plaintiff in error, the payee of the note, obtained a judgment in the *Clark* Circuit Court against the defendant, the payor of the note, by his confession in said Court, on said note for the sum of 351 dollars and 82 cents, that sum being the amount of the note and the legal interest thereon at that time. This judgment, the plaintiff afterwards collected, together with the interest that accrued thereon after the rendition of the judgment, and also the costs, by a levy and sale of the property of the defendant.

The defendant, *David Stutsman*, in the mean time exhibited his bill in chancery, in which, after giving a history of the case

and stating substantially the facts aforesaid, he charges that by the settlement made as aforesaid, it was agreed and understood that he was not to pay any interest on said note, and that in justice he ought not to have paid interest. · He further charges that when he confessed judgment on the note, he supposed that the judgment would be for the face of the note only, and that he never knew until long afterwards that interest was cast upon it. He also charges, that none of the children paid any interest on their debts, or received any on their legacies, .&c. He concludes by praying relief, &c.

The plaintiff in error answering, admits the settlement made between him and the legatees, and that at that settlement no interest was calculated on either legacies due to, or debts due from, legatees. But he most positively denies, that there was any agreement or understanding that the defendant should not pay interest on the note, given for the balance due from him on that settlement. He positively asserts that the agreement about interest, related only to the interest that had then accrued on the legacies due to, and the debts due from, the legatees. He admits the judgment, and that it was collected, &c.; denies fraud, &c.

It is proved by the depositions of two of the legatees, that at said settlement made between the executor and the legatees, it was agreed as herein before stated; and that the settlement was made upon that basis; that they neither paid nor received interest; that it was a year or two after the settlement, before some of them paid off the balances due from them to the executor, but they paid no interest; and that it was their understanding that no interest was to be charged in any event. Upon cross-examination, they said that they could not say whether the agreement about interest, extended to interest which might afterwards accrue, or was confined exclusively to the interest which had then accrued; but they were certain, that no time was given for the payment of those balances, that they ever heard of.

The Circuit Court, on this state of facts, rendered a decree in favour of the defendant in error, that the plaintiff in error should refund to him the amount of interest collected on said note, and also the costs of collection. To reverse which decree, this writ of error is prosecuted.

The facts as presented by the record do not sustain the decree.

The contract respecting interest, on which the defendant in error relies, does not reach the case: it was a contract between other parties. It was between the executor and the legatees of the testator, respecting interest then due on legacies, and on contracts between the legatees and the testator in his life-time, and not on contracts between the executor and legatees. It was a verbal contract, and was instantly carried into effect, by making a settlement agreeably to its terms. The contract between the plaintiff and defendant, was made after the other was acted upon. It is a written contract, and was the last act of the parties, and overrules and disannuls all previous verbal contracts, if any there were.

The *lex loci* forms a part of every contract, so far as its legal effect and construction come in question, and the instant the note in question was signed and delivered by the defendant, and the money therein promised to be paid became due, interest attached as matter of law, and nothing could prevent it but an express contract to the contrary, inserted in the contract as a part of it, or clear, satisfactory, and conclusive evidence of such contract, and that those terms of the contract were not complied with by reason of either fraud, accident, or mistake. No such evidence, however, has been produced. The evidence exhibited in the record, would not have sustained a defence against the note in the original action, and it surely cannot now, after an unqualified confession of judgment.

The confession of judgment, without any qualification or exception, and without any reservation of equity, confirms, without contradiction, the original contract, as contained in the note, and puts the case beyond the reach of relief. The excuse set up for thus confessing cannot be recognized, either at law or in equity, as either a defence or as a ground of relief.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*I. Howk,* for the plaintiff.

*C. Dewey, I. Naylor* and *J. H. Thompson,* for the defendant.